**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:22-CR-30059-NJR-2** |
| **DONALD E. SCHNIERS,** | |
| **Defendant.** | |

## <u>ORDER TERMINATING PROBATION</u>

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Early Termination of Probation filed by Defendant Donald E. Schniers. (Doc. 96). On October 17, 2024, the Court sentenced Schniers to three years of probation, 40 hours of community service, $2,851,239 in restitution, and a special assessment of $300 after he pled guilty to one count of Conspiracy to Commit Mail and Wire Fraud, one count of Mail Fraud, and one count of Wire Fraud in violation of 18 U.S.C. §§ 1349, 1341 and 2, and 1343 and 2. (Docs. 1, 49, 89). Schniers now seeks early termination of probation as of April 16, 2026, when he will have completed half of his sentence. (Doc. 96, ¶ 8).

Under 18 U.S.C. § 3564(c), "[t]he court, after considering the factors set forth in section 3553(a) . . . may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted

Page 1 of 3

by the conduct of the defendant and the interest of justice."

Here, Schniers—a 75-year-old retiree with a number of health conditions—reports that he immediately paid the financial obligations of his sentence in full and that he completed his community service in January 2025. (Doc. 96, ¶¶ 2–3, 6–7). He further states he has been fully compliant with all terms and conditions of probation, including not committing any other crime, not unlawfully possessing or using any controlled substance, cooperating with the collection of DNA, and dutifully reporting to his probation officers and following their directives. *Id.* ¶¶ 4–5. And he avers that his Probation Officer has stated that the Probation Office has no objection to the requested early termination. *Id.* ¶ 9.

In response, the Government acknowledges that Schniers has satisfied his financial obligations and does not appear likely to meaningfully benefit from further supervision. (Doc. 98, ¶ 8). It confirmed with the Probation Office that Schniers has been compliant while on probation and that no violations have been reported to the Court. *Id.* ¶ 6. It concedes that Schniers's conduct, "the interests of justice," and "judicial economy may warrant early termination" of his probation. *Id.* ¶ 8. But, after having consulted with counsel for the victim in this matter (ALDI Inc.) pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, the Government learned that ALDI opposes Schniers's request. (Doc. 98, ¶ 7). Thus, it takes no position on the motion. *Id.* ¶ 9.

Having considered Schniers's motion, Probation's lack of objection, the details of the Government's response, and the 18 U.S.C. § 3553(a) factors, the Court finds that Schniers's conduct and the interest of justice warrant the early termination of his term of

probation.

Accordingly, the Motion for Early Termination of Probation filed by Defendant Donald E. Schniers (Doc. 96) is **GRANTED**. The previously imposed term of probation is **TERMINATED** as of **April 16, 2026**.

**IT IS SO ORDERED.**

DATED:   April 7, 2026

**NANCY J. ROSENSTENGEL**
**United States District Judge**